IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA                  Plaintiff

v.                  CRIMINAL NO. 2:11CR-00038-NBB-DAS

ERNEST LEVI GARNER, JR.,
    a/k/a "LEE GARNER" and
RAYMOND LAMONT SHOEMAKER
    a/k/a "RAY SHOEMAKER"                 Defendants

### DEFENDANT GARNER'S SUPPLEMENTARY MOTION AND MEMORANDUM SUPPORTING HEARING ON HIS MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

While the government's second appeal of this Court's grant of a new trial was pending, Defendants, Ernest Levi Garner, Jr., and Raymond Lamont Shoemaker, filed a *Motion for New Trial Based on Newly Discovered Evidence* (Doc#297). Defendants have requested a hearing on that motion now that the case has been remanded to this Court, and this Court has set the case for hearing on whether the motion remains viable in light of the Fifth Circuit's most recent opinion. (Doc#323).

In their newly discovered evidence motion, the Defendants raised issues regarding the government's use of false and misleading testimony regarding promises made to its witnesses David Chandler and Dr. Robert Cokern. *Id.* The government argues generally that the mandate of the Fifth Circuit's most recent

opinion bars the Court from hearing the motion now that it has been remanded but cites no case law to support its argument. The government's argument is not well taken.

The mandate of the Fifth Circuit remanded the case "to the District Court for further proceedings in accordance with the opinion of this Court." (Doc#312) The opinion remanded "with instructions to reinstate the jury verdict, enter judgments of conviction on all counts, and conduct a full resentencing that includes all counts of conviction." Opinion (Doc#313), p. 9.

By its express terms then, the mandate does not preclude this Court from hearing Defendants' motion for new trial. Nor is there anything in the Court's opinion that impliedly precludes this Court from doing so because the Fifth Circuit did not hear the motion for new trial based on newly discovered evidence on the merits and, therefore, could not have adversely ruled on it.

Rule 33, F.R.Cr.P. (b)(1) provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." It further provides that [i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." *Id.*

The Fifth Circuit has held that "[a]lthough a district court may not grant a motion for a new trial based on newly discovered evidence if an appeal is pending,

2

FED. R. Crim. P. 33(b)(1), it does, nevertheless have jurisdiction to 'entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case.' [internal citation omitted]." *United States v. Redd,* 355 F.3d 866, 880 (5th Cir. 2003); *United States v. Draper,* 746 F.2d 662, 665 (10th Cir. 1984) [noting that where the trial judge certifies that the new trial will be granted, the appellate court will generally remand]. Alternatively, the defendant may make a motion to the appellate court to remand the case for a hearing on the merits of the motion. *United States v. Redd,* 355 F.3d at 880.

Normally, an appellate court does not initially consider the merits of the motion for new trial because such motions often require an evidentiary hearing to develop the issues. *Id.* at 881. Furthermore, as one Court put it, "principles of sound judicial administration counsel that the district court should be allowed to exercise its discretion to the fullest extent permissible under Rule 33 before the court of appeals becomes enmeshed." *United States v. Graciani,* 61 F.3d 70, 78 (1st Cir. 1995). This procedure "takes advantage of the district court's greater familiarity with the case . . . ." *Id.*[1]

---

[1] In rare cases, Courts have denied motions on the merits where the motion on its face is deficient and no set of facts would support relief. *Id.* [Denying the motion on the merits because Rule 33 is confined to relief where there has been a trial and defendant had pled guilty].

3

In this case, Garner and Shoemaker did file a motion asking the Court of Appeals to stay the briefing in the case and remand to this Court for an evidentiary hearing. Thereafter, the Government filed a response to the motion for new trial in this Court suggesting that this Court deny the motion. Doc#298. This Court then filed the "District Court's Declination to Certify Order on Pending Motion," (Doc#300). In that Declination, the Court declined to grant the government's request to deny the motion without a hearing on the issues of fact raised in the motion. *Id.* at 1.

At this point, presumably because this Court did not certify a willingness to grant or deny the motion without a hearing, the Fifth Circuit entered an order finding that the "motion for limited remand for further discovery regarding newly discovered evidence is carried with the case." Order, Doc. CTA5 #00512930802). The Fifth Circuit further ordered that the "motion to stay further proceedings in this Court until such time as the District Court holds an evidentiary hearing, issues a ruling and any appeal from that ruling comes before this Court, is DENIED." *Id.*

The Fifth Circuit, therefore, resumed briefing on the merits of the government's appeal and ultimately reversed the second grant of a new trial. Nothing in the history of the proceedings shows that the Fifth Circuit ruled on the merits of the motion for new trial based on newly discovered evidence which remained pending in this Court. There was no motion for new trial based on newly

4

discovered evidence ever filed in the Court of Appeals. A motion for new trial based on newly discovered evidence is addressed to the trial court, and courts of appeal generally refrain from commenting on the merits of the motion. *United States v. Draper,* 746 F.2d at 665.

The only issues before the Fifth Circuit regarding the newly discovered evidence motion were Defendants' request to remand for evidentiary hearing and to stay the proceedings pending a decision by this Court on the motion on remand. The motion to remand was "carried" with the case, at which point, it became moot because the Fifth Circuit reversed the second grant of a new trial and remanded for entry of judgments of conviction and sentence. *See,* Order denying motion to remand as moot. (Doc. CTA5#005131118178).

In other words, the remand mooted the motion to remand. The pending motion for new trial based on newly discovered evidence is now ripe for disposition by this Court on that remand.

Where neither the district court nor the appellate court has ruled on the merits of a motion for new trial based on newly discovered evidence filed during the pendency of an appeal, it remains pending before the district court. *United States v. Redd,* 355 F.3d at 881. Neither the law of the case nor the mandate rule preclude this Court from deciding the issues raised in the newly discovered evidence motion.

The law of the case and mandate rules operate to prevent a court from reexamining issues decided on appeal, either expressly or by necessary implication. *Conway v. Chemical Leaman Tank Lines, Inc.,* 644 F.2d 1059, 1061-62 (5th Cir. 1981). Consequently, a district court is not precluded from deciding an issue on remand such as the issue of newly discovered evidence where, as here, that issue was not before the appellate court.

For example, in *United States v. Kellington,* 217 F.3d 1084 (9th Cir. 2000), after the trial, the trial judge initially granted Kellington a judgment of acquittal based on insufficiency of the evidence. He then denied Kellington's motion for new trial as moot because of the grant of the jnov. *Id.* at 1091.

The government appealed, and the Ninth Circuit reversed. The court's mandate was virtually identical to the one here and stated: "'REVERSED AND REMANDED FOR ENTRY OF JUDGMENT AND FOR SENTENCING.'" *Id.* On the first appeal, neither Kellington nor the government raised the district court's failure to issue a ruling on the motion for new trial. *Id.* at 1091-92.

On remand, Kellington renewed his motion for new trial, and the judge granted it. The government again appealed arguing that the strict language of the mandate reversing for reinstatement of the judgment and for sentencing precluded the district court from considering the issues left open on the motion for new trial. *Id.* at 1092.

The appellate court rejected the government's argument finding that, although district courts generally are required to execute the terms of the mandate, a district court's order may deviate from the mandate, "if it is not counter to the spirit of the circuit court's decision. . . . [internal citations and quotation marks omitted]." In support of its holding, the appellate court cited the "seminal case" of *In re Sanford Fork v. Tool Co.,* 160 U.S. 247 (1895).

In that case, the Supreme Court found that in addition to consulting the terms of the mandate, "the opinion by this court at the time of rendering its decree may be consulted to ascertain what was intended by its mandate . . . ." *Id.* at 256. Consequently, the *Kellington* court noted that the ultimate task of a district court in construing the mandate is "to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." *Kellington,* 217 F.3d at 1093. Here, the propriety of granting a motion for new trial based on the newly discovered evidence was not before the Fifth Circuit because this Court had declined to rule on the motion without first conducting a hearing.

The Ninth Circuit in *Kellington* noted that in most cases interpreting the mandate would be straightforward because the mandate "square[s] both with the underlying opinion and the procedural history of the case." *Id.* However, in those cases where the issues were not decided by the appellate court, the mandate

7

requires respect only for what the higher court decided, not for what it did not decide. *Id.* [citing *Rogers v. Hill,* 289 U.S. 582, 587-88 (1933)].

The *Kellington* court also cited *Sprague v. Ticonic National Bank,* 307 U.S. 161, 164 (1939) in support of the proposition that if an issue was not decided by the appellate court, the lower court is free on remand to consider that issue.

The *Kelliington* case is in accord with decisions from other jurisdictions. In *Laitram Corporation v. NEC Corporation,* 115 F.3d 947 (Fed. Cir. 1997), the Court found that on remand a district court was not precluded from considering issues left open by post-trial motions even though the mandate on the first appeal in that case instructed the district court "to reinstate the jury's verdict." *Id.* at 949.

Similarly, in *Conway, supra,* the plaintiff moved for a new trial on two grounds. *Id.* 644 F.2d at 1060. The district court granted the motion only on the first ground. After the Fifth Circuit reversed, the district court entered judgment. The plaintiffs moved for new trial on the second ground. The district court granted the motion, and the Fifth Circuit affirmed finding that the lower court was not precluded from considering the second ground because it had never previously ruled on it and was one, therefore, that the appellate court had not ruled on in the previous appeal. *Id.* at 1062.

On the second appeal of Garner's case, the Fifth Circuit distinguished *Conway* from Garner's because in *Conway,* the district court followed the Fifth

8

Circuit's mandate because "it entered judgment for defendants and only ordered a new trial **after** the plaintiffs reurged their earlier motion [emphasis added]." Opinion, p. 8, n.4. Here, this Court has expressed its intention to reinstate the verdict and proceed with sentencing in accordance with the Fifth Circuit's mandate before disposing of the motion for new trial. That procedure would confirm to the procedure suggested in *Conway* and in Garner's second appeal.

Furthermore, one of the issues raised in Defendants' newly discovered evidence motion is the failure of the government to disclose that Chandler made a false statement in his plea colloquy. That failure to disclose formed the third reason why this Court granted the motion for new trial which was the subject of the latest government appeal.

In ruling that this Court erred in relying on the failure to disclose this false statement to grant the second new trial, the Fifth Circuit, among other things, held that the court did not have the authority to grant a motion for new trial on that ground because it was not raised by defendants in their first motion for new trial. *See,* Opinion, p. 8. Defendants had not raised that issue in their initial new trial motion because, as the Fifth Circuit correctly noted, the transcript disclosing that false statement was not available until months after the opinion in the first appeal was issued. *Id.* at p. 8, n.5. As the Fifth Circuit expressly held, "[b]ecause this violation involves new evidence and arguments, the mandate rule **does not bar its**

**assertion** [emphasis added]." *Id.* Accordingly, because this issue was not expressly or by implication decided by the Fifth Circuit and is not barred by the mandate rule, this Court may now consider whether it is newly discovered evidence warranting a new trial.

The same could be said of the other arguments Defendants have raised in their newly discovered evidence motion. The evidence supporting those arguments did not become available until after the first motion for new trial was filed. Those issues, therefore, were not the subject of either appeal for the reason that this Court had not ruled on them. Therefore the law of the case and the mandate rules do not bar this Court from considering them on remand once the Court complies with the mandate and reinstates the judgments of conviction and sentences the Defendants.

Denying the Defendants their right to a hearing and the opportunity to present evidence on their motion would be an egregious violation of due process. "A person's right to reasonable notice of a charge against him, and *an opportunity to be heard in his defense*—a right to his day in court—are basic in our system of jurisprudence . . . [citation omitted and emphasis in original]. *Rock v. Arkansas*, 107 S.Ct. 2704, 2709, 483 U.S. 44, 51 (1987).

Therefore, this Court should set the motion for new trial based on newly discovered evidence for hearing and allow additional discovery.

        Respectfully submitted,
        EARNEST LEVI GARNER, JR., DEFENDANT,

        *S/Julie Ann Epps*
        ATTORNEY FOR DEFENDANT GARNER

## CERTIFICATE

I, the undersigned, do hereby certify that on this date, I electronically filed with the court's electronic EM/ECF filing system and that all parties entitled to service were notified by same.

This the 4th day of November, 2015.

        S/*Julie Ann Epps*
        ATTORNEY FOR APPELLANT

Julie Ann Epps; MSB#5234
504 E. Peace Street
Canton, Mississippi 39046
Voice: 601.407.1410
Facsimile: 601.407.1435
Email: julieannepps@gmail.com
Email: julieannepps@mac.com
*Attorney for Ernest Levi Garner, Jr.*

John A. Ferrell; MSB#5181
P. O. Box 146
Booneville, Mississippi 38829
Voice: 601.728.5361
Email: johnaferrell@att.net
*Attorney for Ernest Levi Garner, Jr.*

William B. Kirksey; MSB#4183
KIRKSEY & ASSOCIATES, P.A.
401 E. Capitol St
Suite 100M
Jackson, MS 39205

Voice: 601.354.4662
Email: mslawyer4183@aol.com
*Attorney for Ernest Levi Garner, Jr.*

Ronald D. Michael; MSB#3009
1700 N. Second St.
Booneville, MS 38829
Voice: 662.728.6276
Email: michael@michaellaw.com
*Attorney for Ernest Levi Garner, Jr.*