IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA,

v.  Case No. 2:11CR038-NBB-DAS

RAYMOND LAMONT SHOEMAKER,
also known as Ray Shoemaker;
EARNEST LEVI GARNER, JR.,
also known as Lee Garner,

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT GARNER'S SUPPLEMENTARY MOTION AND MEMORANDUM SUPPORTING HEARING ON MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

COMES NOW the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and files its Response in Opposition to the Defendant Garner's Supplementary Motion and Memorandum Supporting Hearing on Motion for New Trial Based on Newly Discovered Evidence, and would respectfully show unto the Court the following:

**INTRODUCTION**

Following a two-week jury trial which resulted in guilty verdicts on all counts, the District Court granted a judgment of acquittal and/or a new trial to the defendants. The Fifth Circuit subsequently reversed the District Court's order and remanded the case for sentencing only. On remand, the District Court, *sua sponte*, granted a new trial for a second time and the government appealed. While the government's appeal was pending, the defendants filed a new motion for new trial based on newly discovered evidence in the District Court and a motion for

1

remand in the Fifth Circuit. The Fifth Circuit denied the Motion to Remand and eventually reversed the District Court's grant of a new trial and remanded the case for sentencing only.

On remand, this Court set a sentencing hearing for both Garner and Shoemaker in accordance with the Fifth Circuit's mandate. Garner and Shoemaker subsequently filed a Motion to Continue the Sentencing Hearings in order for the Court to hold an evidentiary hearing on the Joint Motion for New Trial Based on Newly Discovered Evidence. The defendants' Motion to Continue, asking the Court to hold an evidentiary hearing <u>prior</u> to the sentencing, was in clear violation of the Fifth Circuit's mandate, as Garner has implicitly acknowledged in his supplemental memorandum. Garner now urges the Court that it should entertain the Joint Motion for New Trial after the Court has sentenced Garner and Shoemaker.

## ARGUMENT

The Fifth Circuit was aware of all the claims in the defendants' Joint Motion for New Trial Based on Newly Discovered Evidence and still provided specific instructions on remand to re-instate the jury verdict and sentence both defendants. By necessary implication, the Fifth Circuit's remand makes it unnecessary for the Court to entertain an evidentiary hearing on the Joint Motion for New Trial. Regardless of the mandate, the defendants' Joint Motion for New Trial does not raise an issue that could warrant a new trial based on newly discovered evidence and should be denied on its face.

I. **The Fifth Circuit's Mandate**

The mandate rule is a specific application of the law of the case doctrine. *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or

impliedly decided by the appellate court." *Id*. (citing *United States v. Bell,* 988 F.2d 247, 251 (1st Cir. 1993)). "Moreover, the rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Id*. On remand from appeal, the lower court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *Matthews,* 312 F.3d at 657 (internal quotations omitted). The lower court must "tak[e] into account the appellate court's opinion and the circumstances it embraces." *Sobley v. Southern Natural Gas Co.,* 302 F.3d 325, 333 (5th Cir. 2002) (citing *Tollett v. City of Kemah,* 285 F.3d 357, 364 (5th Cir. 2002) (internal citation omitted)).

Garner and Shoemaker filed their Joint Motion for New Trial in the District Court and filed a Motion for Remand in the Fifth Circuit, attaching the Joint Motion for New Trial to their Motion for Remand. The District Court issued an order indicating that a hearing would be necessary to determine the merits of the defendants' Joint Motion for New Trial. The government opposed the Motion for Remand.

The Fifth Circuit could have remanded the case and allowed the District Court to hold a hearing on the Joint Motion for New Trial, but chose not to do so. For example, in *United States v. DeVoe*, 489 F.2d 158 (5th Cir.) *supplemented*, 493 F.2d 776 (5th Cir. 1974), the Fifth Circuit remanded with specific instructions for the District Court to hear the motion for new trial. "We do not think that we should attempt decision of the question presented, but rather believe it should be determined by the trial court in the first instance….The trial judge is directed to consider the motion for new trial on grounds of newly discovered evidence upon an amplified record and thereupon make appropriate findings of fact and conclusions of law…". *DeVoe*, 489

F.2d at 160. In the present case, instead of remanding back to the District Court for a hearing, the Fifth Circuit carried the issue with the case and the briefing schedule resumed.

Garner and Shoemaker filed their Appellee Briefs and the government responded with its Appellant Reply Brief. In its Reply Brief, the government argued that the Fifth Circuit should find that the Joint Motion for New Trial was invalid on its face.

After briefing and oral argument, the Fifth Circuit issued an unpublished opinion, reversing the District Court's grant of new trial, and provided specific instructions on remand.

> The district court's order granting a new trial is REVERSED and the case is REMANDED with instructions to reinstate the jury verdict, enter judgments of conviction on all counts, and conduct a full resentencing that includes all counts of conviction.
> *United States v. Shoemaker*, 2015 WL 5446270, *4 (5th Cir. 2015) (emphasis in original)

The Fifth Circuit's opinion did not mention the defendants' Joint Motion for New Trial Based on Newly Discovered Evidence and denied the Motion for Remand as moot.

The Fifth Circuit could have suspended the appeal and remanded this case for a hearing on the Joint Motion for New Trial and the Fifth Circuit could have instructed the Court to hear the Joint Motion for New Trial prior to sentencing Garner and Shoemaker on remand. *See United States v. Johnson*, 487 F.2d 1318, 1325-26 (5th Cir. 1974) ("In sum, we affirm in all respects save for two particular issues as to which we remand for evidentiary hearing and factual determinations…"). The Fifth Circuit did not do either of those things. Despite being aware of the issues raised in the Joint Motion for New Trial and the District Court's concern that a hearing was necessary to resolve the Motion, the Fifth Circuit remanded the case with very specific instructions to reinstate the jury verdict and conduct a full re-sentencing of both defendants. The Fifth Circuit's instructions on remand are clear and this Court should sentence the defendants and bring finality to this case.

4

## II. The Joint Motion for New Trial is Facially Insufficient to Warrant a New Trial

Rule 33 provides that a defendant may file a Motion for New Trial based on newly discovered evidence within three years of the verdict. F.R.P. 33(b)(1); *see also United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004).[1] The Fifth Circuit typically subjects motions for new trial based on newly discovered evidence to "an unusually stringent substantive test." *United States v. Holmes*, 406 F.3d 337, 359 (5th Cir. 2005). Motions for new trial based on newly discovered evidence are disfavored. *Wall*, 389 F.3d at 467. "As a general rule, there are five prerequisites (typically referred to as the *Berry*[2] rule) that must be met to justify a new trial on the ground of newly discovered evidence." *Id*. The defendants must prove:

(1) the evidence is newly discovered and was unknown to the defendants at the time of trial;
(2) the failure to detect the evidence was not due to a lack of diligence by the defendant;
(3) the evidence is not merely cumulative or impeaching;
(4) the evidence is material; and
(5) the evidence if introduced at a new trial would probably produce an acquittal.
*Id*.

In the present case, the defendants raise an alleged *Napue*[3] violation, claiming that the government knowingly used false testimony during the defendants' trial. In order to succeed, the defendants must prove that the testimony was "actually false" and that the government knew or should have known that the testimony was false. *See United States v. O'Keefe*, 128 F.3d 885, 895 (5th Cir. 1997); *United States v. MMR Corp.*, 954 F.2d 1040, 1046-47 (5th Cir. 1992).

A motion for new trial that is based on newly discovered evidence and raises an alleged *Napue* violation still incorporates the *Berry* factors. *Wall*, 389 F.3d at 473; *MMR Corp.*, 954

---

[1] Garner and Shoemaker were convicted in March 2012 so the present motion was within the three year time period.
[2] *Berry v. State*, 10 Ga. 511 (1851).
[3] *Napue v. Illinois*, 360 U.S. 264 (1959)

F.2d at 1046-47. The only difference is a change to the final *Berry* factor: under *Napue*, the Court applies a "slightly more lenient" standard which requires that there be any reasonable likelihood that the false testimony affected the judgment of the jury. *Id*.

As a result, the defendants' alleged *Napue* violation in this case (1) must have been unknown to the defendants at the time of the trial; (2) defendants' failure to learn of the evidence must not have been due to a lack of diligence; (3) the evidence must be material, not cumulative or impeaching; and (4) the defendants must show that there is any reasonable likelihood that the new evidence would have affected the judgment of the jury.[4]

The defendants' Joint Motion for New Trial explains that "the newly discovered evidence involves testimony by Dr. Robert Corkern and David Chandler, witnesses for the prosecution…" (Joint Motion for New Trial, p.2). Garner and Shoemaker have not offered any substantive evidence of their innocence that would exonerate either of them. They offer only cumulative, impeaching evidence, and consequently, there is no need for an evidentiary hearing for the Court to deny the Joint Motion for New Trial Based on Newly Discovered Evidence.

### A. Chandler's Plea Colloquy

The defendants claim that David Chandler made a false statement during his plea colloquy prior to the trial of this case and that the government withheld this false statement by failing to provide the defendants with a copy of the transcript of Chandler's plea hearing. The District Court has already granted the defendants a new trial based in part on this exact allegation and the defendants are now repeating this claim back to the District Court. (Compare Memorandum Opinion, pp. 8-9, and Joint Motion for New Trial, p. 2). Using reasonable

---

[4] There is some ambiguity in the interaction of *Napue* and *O'Keefe* and the *Berry* factors. In *Wall* and *MMR Corp*., the Fifth Circuit unequivocally applied the *Berry* factors along with the standard set forth in *Napue* and *O'Keefe*. Other opinions have applied the three part test of *Napue*, without mentioning the *Berry* factors. *See, e.g., United States v. Manners*, 384 Fed.Appx. 302, 306-08 (5th Cir. 2010) (applying the three part test under *Napue* and *O'Keefe* to a motion for new trial based on newly discovered evidence without discussing the *Berry* factors).

diligence, the defendants could have easily obtained a transcript of Chandler's change of plea hearing and it was readily available to them. Accordingly, the transcript was not *Brady* material and failure to disclose it was not a *Brady* violation. Furthermore, Chandler was cross-examined on this very issue during the trial and the Court has already granted the defendants a new trial in part on this issue, the government appealed and the Fifth Circuit reversed.

Despite the Fifth Circuit's clear instructions to re-instate the jury verdict and sentence both defendants, Garner interprets a footnote at the end of the Fifth Circuit's opinion as a subtle invitation for the Court to grant a new trial to Garner for the third time based on an alleged misstatement by David Chandler during his plea colloquy:

> As mentioned above, the transcript that disclosed Chandler's false statement in his plea colloquy was not available until months after the opinion issued in Shoemaker I. Because this violation involves new evidence and arguments, the mandate rule does not bar its assertion
> *United States v. Shoemaker*, 2015 WL 5446270, *4 n.5 (5th Cir. 2015)

This Court has already granted the defendants a new trial based in part on Chandler's plea colloquy, and the Fifth Circuit subsequently reversed this Court's decision. The Fifth Circuit's opinion was based in part on the mandate rule and in part on the rule articulated in *United States v. Nguyen*, 507 F.3d 836 (5th Cir. 2007) that a District Court may only grant a new trial on grounds that are raised by the defendant. The footnote in the Fifth Circuit's most recent opinion is simply an explanation that the Fifth Circuit's reversal as to Chandler's plea colloquy was based on *Nguyen* and not the mandate rule. The footnote does not override the clear precedent that the government is not required to provide the defense with a transcript from a public hearing. *See Westley v. Johnson*, 83 F.3d 714, 725-26 (5th Cir. 1996).

In *Westley*, the Fifth Circuit found that failure to disclose the transcript of a witness' previous trial was not a *Brady* violation. "[A] *Brady* violation does not arise if the defendant,

7

using reasonable diligence, could have obtained the information. Because the transcript of Henry's trial was readily available, we find no *Brady* violation." *Id.* In *United States v. Jones*, 160 F.3d 473 (8th Cir. 1998), the Eighth Circuit specifically applied this rationale to plea and sentencing hearings:

> [B]ecause transcripts of Whitley's plea and sentencing hearing were readily available, we reject the defendants' argument that the government wrongfully withheld statements made by Whitley during the proceedings. *See United States v. Jones*, 34 F.3d 596, 600 (8th Cir.1994). There is no Brady violation if "the defendant[s], using reasonable diligence, could have obtained the information" themselves. *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir.1996), cert. denied, 519 U.S. 1094, 117 S.Ct. 773, 136 L.Ed.2d 718 (1997). *See also United States v. Willis*, 997 F.2d 407, 412–13 (8th Cir.1993).
> (*United States v. Jones*, 160 F.3d 473, 479-80 (8th Cir. 1998))

The Fifth Circuit's footnote is an explanation of the opinion and does not contradict the clearly explained mandate in this case to reinstate the verdicts and to impose sentence. Chandler was cross-examined on this issue during trial and the claim is clearly refuted by the record. Thus the transcript of the plea hearing would have only been cumulative of information which was obviously in possession of defense counsel. There is no need for an evidentiary hearing to deny the Joint Motion for New Trial.

### B. The Defendants' Claims Related to Dr. Corkern's Testimony

The defendants Joint Motion for New Trial also claims that Dr. Robert Corkern, a co-defendant who pled guilty prior to trial and testified as a government witness, had an alleged secret side deal for leniency, that the government allegedly intervened on his behalf with the DEA and that the government allegedly made him a secret promise regarding his medical license. The allegations in Dr. Corkern's affidavit are totally unsubstantiated and false. But regardless of the merits, the defendants are attempting to impeach a government witness, after the fact, and have offered no substantive evidence related to their actual guilt or innocence that

8

could warrant a new trial based on newly discovered evidence. The mandate in this case is clear and an evidentiary hearing is unnecessary for the Court to dispose of defendants' Joint Motion for New Trial Based on Newly Discovered Evidence.

In November 2013, Dr. Corkern filed a Motion to Vacate his conviction pursuant to 28 U.S.C. § 2255 and a Memorandum in support of his Motion. Corkern attached an affidavit to his § 2255 Petition alleging that the government intervened with the DEA on his behalf and made a secret promise to ensure he kept his license to practice medicine. Garner and Shoemaker cite Corkern's affidavit as sufficient newly discovered evidence to warrant a new trial in their case. At best, the defendants are attempting to impeach a government witness and are not entitled to a new trial. *See e.g., Wall*, 389 F.3d at 465.

When Corkern filed his § 2255 along with the accompanying affidavit, it was publicly filed on the Court's electronic filing system and electronically served on all counsel of record, including defense counsel for Garner and Shoemaker. In November 2013, this Court had already granted a judgment of acquittal to Garner and a new trial to Shoemaker and the government had appealed this Court's order. The first appeal was pending when Corkern filed his § 2255 Petition.

Garner and Shoemaker were aware of the claims in Corkern's § 2255 Petition and supporting affidavit several months prior to the *first* oral argument before the Fifth Circuit in this case, which occurred in February 2014. The Fifth Circuit's first opinion in this case was issued in March 2014 and the Mandate was issued on May 15, 2014, six months after Corkern filed his § 2255 Petition. After the remand from the Fifth Circuit in May 2014, the case was then properly before the District Court for several more months. Although the defendants had been notified of Corkern's affidavit six months prior, they did not file a Motion for New Trial Based

9

on Newly Discovered Evidence while the case was properly before the District Court. The District Court subsequently granted a new trial to the defendants for a second time in July 2014 and the government appealed.

The defendants did not raise the issue of Corkern's affidavit until January 2015, over a year after Corkern filed his § 2255 Petition and six months after the government had filed its Notice of Appeal of the Court's second grant of a new trial. Thus, the defendants have not and cannot demonstrate due diligence.

### 1) Allegations of a Secret Deal for Leniency

The defendants claim that Dr. Corkern had a secret side deal for leniency. (Joint Motion for New Trial, pp. 2-3). The defendants have confused the agreement to dismiss other charges, contained in the Plea Agreement, with the agreement to cooperate, contained in the Plea Supplement.

The defendants claim is based on the following exchange during Dr. Corkern's cross-examination by Shoemaker's defense counsel:

> Q. And the government agreed to dismiss those charges in exchange for your cooperating with them and testimony, didn't they?
>
> A. They did.
>
> Q. Now, you are exchanging your testimony, instead of for freedom of the hospital, for freedom for yourself, aren't you?
>
> MR. MIMS: Your Honor, I object. It mischaracterizes the agreement. We allowed him to plead guilty to one count in exchange for us dismissing others, not for cooperation.

The government's objection is an accurate statement of the agreement with Dr. Corkern. The other counts of the Superseding Indictment were dismissed because of Dr. Corkern's agreement to plead guilty to Count Thirteen, regardless of his cooperation, as explained in

10

Paragraph Two of his Plea Agreement (See Corkern Plea Agreement, p.1, Doc. No. 102). His cooperation created the possibility that the government would file a 5K1.1 Motion for Downward Departure at Dr. Corkern's sentencing. The cooperation agreement was clearly explained in Dr. Corkern's Plea Supplement. Furthermore, Dr. Corkern testified on direct examination in regards to a possible 5K1.1 motion and specifically testified about leniency.

> Q: Do you know what a 5k1 motion for downward departure is?
>
> A: Yes
>
> Q: What is that?
>
> A: In general, I guess, as best I can say it, it's - - it's leniency. You can get leniency from the sentencing.

Dr. Corkern's cooperation agreement was disclosed to the defense, who used it to impeach him, and it was accurately presented to the jury. There was no secret deal for leniency as alleged by the defendants, and there is no need for an evidentiary hearing for the Court to deny the Joint Motion for New Trial Based on Newly Discovered Evidence.

### 2). Allegations Related to Dr. Corkern's Medical License

Finally, the primary issue raised by the defendants in their new motion for new trial concerns Robert Corkern's testimony during trial that he had received no promises from the government and his subsequent claim in his § 2255 petition regarding his hopes to keep and/or regain his medical license. The defendants are attempting to impeach Dr. Corkern's testimony and "impeachment testimony normally is not a basis for granting a motion for new trial." *Wall*, 389 F.3d at 470.

In *Wall*, the defendant obtained affidavits, post-trial, that contradicted the testimony of an important government witness and the district court granted the Motion for New Trial. *Wall*, 389 F.3d at 465. The Fifth Circuit reversed the district court's decision and reinstated the jury's

guilty verdict finding that the affidavits were strictly impeachment evidence that "do not purport to exonerate Wall in any other fashion or weigh on any other issues that were before the jury." In the same way, Corkern's affidavit in this case does not purport to exonerate Garner or Shoemaker but is cumulative, impeachment evidence.

A comparison of the *Wall* case and the Fifth Circuit's decision in *United States v. Piazza*, 647 F.3d 559 (5th Cir. 2011) demonstrates the distinction between impeachment evidence and substantive evidence of innocence. In *Piazza*, the Court affirmed the grant of a new trial based on newly discovered evidence because the newly discovered evidence was "actual evidence rather than argument." *Piazza*, 647 F.3d at 564. The *Piazza* case involved a conviction for being a felon in possession of a firearm and the newly discovered evidence was substantive evidence that another individual – not the defendant – actually possessed the firearm at issue in the case. *Id*. at 569. In *Wall*, the Fifth Circuit reversed the district court's grant of a new trial based on witness affidavits submitted after the trial and reinstated the jury's guilty verdict finding that the affidavits were strictly impeachment evidence that "do not purport to exonerate Wall in any other fashion or weigh on any other issues that were before the jury." *Id*.

While the government denies the existence of any such "secret" deal, Corkern's affidavit is merely an unfounded allegation that at best would be impeachment evidence against Corkern. The affidavit does not purport to exonerate Garner or Shoemaker and cannot support a motion for new trial based on newly discovered evidence. The Fifth Circuit was aware of the defendants' claims regarding Corkern's affidavit and still provided specific instructions on remand. An evidentiary hearing is unnecessary to deny the Joint Motion for New Trial Based on Newly Discovered Evidence.

## CONCLUSION

For the foregoing reasons, the defendants Motion for a Hearing on Motion for New Trial Based on Newly Discovered Evidence should be denied.

                                      Respectfully submitted,

                                      FELICIA C. ADAMS
                                      United States Attorney

By:   /s/ Clayton A. Dabbs

                                      CLAYTON A. DABBS
                                      Assistant United States Attorney
                                      Mississippi Bar No. 101537

## CERTIFICATE OF SERVICE

I, CLAYTON A. DABBS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I have electronically filed the foregoing **Response in Opposition to the Defendant Garner's Supplementary Motion and Memorandum Supporting Hearing on Motion for New Trial Based on Newly Discovered Evidence** with the Clerk using the ECF filing system which sent notification of such filing to:

Christi Rena McCoy
mccoylaw@avsia.com

Christopher Thomas Graham
cgraham@heilmanlawgroup.com

Edward T. Polk
tpolk@heilmanlawgroup.com

John A. Ferrell
johnaferrell@att.net

Julie Ann Epps
julieannepps@gmail.com

Michael A. Heilman
mheilman@heilmanlawgroup.com

Philip Halbert Neilson
attorneyhalneilson@gmail.com

Robert S. Addison
raddison@danielcoker.com

Ronald Dale Michael
rmichael@rmichaellaw.com

Steven E. Farese
steve1@fareselaw.com

William B. Kirksey
mslawyer4183@aol.com

This the 10th day of November, 2015.

/s/ Clayton A. Dabbs
CLAYTON A. DABBS
Assistant United States Attorney